James R. BELCHER *v.* Caleb Philemon BOWLING
and Frances Loraine BOWLING

CA 87-259                                              738 S.W.2d 804

Court of Appeals of Arkansas
Division II
Opinion delivered November 4, 1987

*Boyd A. Tackett, Jr.*, for appellant.

*William David Mullen*, for appellees.

MELVIN MAYFIELD, Judge. This is an appeal from a probate court order granting appellees' petition for adoption of a minor child without consent of the natural father. Appellees are Frances Loraine Bowling, the natural mother of the child, and her second husband, Caleb Philemon Bowling. The appellant is James Belcher, the child's natural father.

Frances and James Belcher were divorced on December 30, 1983. Under the terms of the divorce decree, custody of their daughter was awarded to the mother and the father was ordered to pay child support in the amount of $23.00 per week. On January 10, 1985, the mother married Caleb Bowling. On July 18, 1986, Frances and Caleb filed a petition for adoption of the child alleging that the natural father's consent was not needed

because, for a period of at least one year, he had failed significantly without justifiable cause to communicate with the child or to provide for the care and support of the child as required by law or judicial decree.

On July 21, 1986, the appellant served the appellees with requests for admission and interrogatories by mailing them to appellees' attorney. Appellees failed to respond within 30 days after service. If the requests for admission were deemed true, the appellees' grounds for adoption would be disproved; therefore, the appellant filed a motion requesting that the requests be deemed admitted pursuant to Ark. R. Civ. P. 36, and asking that the appellees' petition for adoption be dismissed. Appellees answered asking the court to accept Frances Bowling's late answers (her answers were filed on August 26, 1986), and to allow Caleb Bowling additional time in which to answer. Appellees asserted they were in the United States Navy stationed outside the continental United States, and that their failure to respond was occasioned by these circumstances. The appellant filed a motion to strike that response, but the trial court refused to deem the requests admitted and denied appellant's motion to strike.

After a hearing held December 9, 1986, the court granted the appellees' petition for adoption. The court found that appellant had admittedly not paid any child support payments since the divorce; that there had been no significant communication or attempts to establish communication by the appellant with his minor child; and that there had been no care or support furnished by the appellant for at least a period of one year prior to the filing of the adoption petition.

On appeal to this court, appellant first argues that the trial court erred in refusing to strike appellees' response to the requests for admission and in refusing to hold them admitted. He contends the trial court's finding that the appellees had justifiable reason for delay is clearly erroneous. We do not agree.

Ark. R. Civ. P. 36 provides:

The matter is admitted unless, within 30 days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the

party or by his attorney. . . . These time periods may be shortened or lengthened by the court.

Ark. R. Civ. P. 6(b) also provides for extensions of time upon motion made after the expiration of the specified time period where the failure to act was the result of "excusable neglect, unavoidable casualty or other just cause." The rule applies to requests for admissions. *Borg-Warner Acceptance Corporation v. Kesterson,* 288 Ark. 611, 708 S.W.2d 606 (1986). The policy of the Arkansas Supreme Court has been to require compliance with the rule governing responses to requests for admission. However, the court examines the particular facts of each case and when the facts warrant, requires acceptance of late responses. *Womack v. Horton,* 283 Ark. 227, 674 S.W.2d 935 (1984). Here, the trial court found that appellees were outside the continental United States during the time required for response; that they had justifiable reason for delay; and that appellant was not prejudiced by the delay in appellees' response. Under the facts of this case, we cannot say the trial court erred in overruling appellant's motion to strike the appellees' response and refusing to deem the requests admitted.

██ Appellant also argues that the trial court erred in finding that he failed without justifiable cause to support or communicate with the minor child. Under Ark. Stat. Ann. § 56-206(a)(2) (Supp. 1985), parental consent is required before a minor child may be adopted. However, section 56-207(a)(2) (Supp. 1985) provides an exception as follows:

(a) Consent to adoption is not required of:

(1) . . .

(2) a parent of a child in the custody of another, if the parent for a period of at least one [1] year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree; . . . .

The appellant admitted that he made no attempt to pay any type of support for the child. He attempted to justify this by an alleged agreement with the child's mother to forego support. This court has held that a parent has the obligation to support a minor child, *Dangelo v. Neil,* 10 Ark. App. 119, 661 S.W.2d 448 (1983), and

that this duty cannot be excused on the basis of the conduct of others, unless that conduct prevents the performance of the duty, *Bemis* v. *Hare*, 19 Ark. App. 198, 718 S.W.2d 481 (1986). The appellant also admitted that he had not written the child, sent any gifts, or seen the child in more than a year but said this was because he had been enrolled in college and the child was in Puerto Rico with her mother. Appellant knew the child was in Arkansas at Christmas 1985 and made no attempt to see her. During that time, the child's mother took the child to see appellant's father for about six hours. Appellee notified the appellant by phone that she was going to do this, but appellant testified that he did not go to see the child because he had only forty-five minutes to get ready and be at work.

The trial judge made specific findings that there had been no significant communication or significant attempts to establish communication and no care or support for at least one year prior to the filing of the petition for adoption. Under the statute, the judge had to find by clear and convincing evidence that appellant had failed in one or both of the areas. *Dangelo* and *Bemis, supra.* While we review probate proceedings de novo, it is well settled that the decision of the probate judge will not be disturbed unless clearly erroneous (clearly against the preponderance of the evidence), giving due regard to the opportunity and superior position of the trial judge to judge the credibility of the witnesses. Ark. R. Civ. P. 52(a). We simply cannot say that the decision of the probate judge in this case was clearly erroneous or clearly against the preponderance of the evidence.

Because the issues were not raised in the trial court, we do not reach the appellant's arguments that the court erred in entering a decree for adoption without finding that it would be in the best interests of the minor child and that the trial court erred in granting the petition for adoption where no certified birth certificate was tendered. Issues raised for the first time on appeal will not be considered by the appellate court. *Merriman* v. *Yutterman*, 291 Ark. 207, 723 S.W.2d 823 (1987); *Robinette* v. *French*, 20 Ark. App. 102, 724 S.W.2d 196 (1987). Moreover, as to the best interest of the child, since no specific finding was made on that issue, we may assume that the court found in keeping with its decree. *See Shemley* v. *Montezuma*, 12 Ark. App. 337, 339, 676 S.W.2d 759 (1984).

Affirmed.

CRACRAFT and COOPER, JJ., agree.