Karla THOMSON *v.* Munir ZUFARI, M.D.

96–269                                                    924 S.W.2d 796

Supreme Court of Arkansas
Opinion delivered July 1, 1996

*Karr & Hutchinson,* by: *Charles Karr,* for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold,* by: *R. Ray Fulmer, II* and *Charles R. Ledbetter,* for appellee.

TOM GLAZE, Justice. On March 6, 1992, appellee Munir Zufari, M.D., performed gastric bypass surgery on appellant Karla Thomson, and during the surgery, a portion of Thomson's small bowel was mistakenly stapled. Complications later resulted and Thomson was required to undergo additional surgery. On March 4, 1994, two days short of the two-year statute of limitations provided under Ark. Code Ann. § 16-114-203(a) (Supp. 1995), Thomson filed a pro se complaint for medical malpractice against Zufari and two other parties. While under ARCP Rule 4(1) Thomson had until July 2, 1994, or 120 days after filing her complaint to obtain service and commence her lawsuit, she for some reason was unable to do so. However, on June 23, 1994, within the initial 120-day commencement, Thomson asked for another 120 days, but on July 28, 1994, the trial court granted and entered only a 30-day extension. Still unable to obtain service on Zufari and the other defendants, Thomson, on August 18, 1994, moved to dismiss without prejudice, which the trial court granted on September 14, 1994.

When Thomson refiled her complaint against Zufari on August 11, 1995, Zufari moved for summary judgment, alleging Thomson's claim was barred by the two-year statute of limitations. The trial court granted Zufari's motion from which Thomson brings this appeal. The trial court ruled correctly, and we must affirm.

■ Arkansas's rules pertaining to commencement of an action require only that the plaintiff complete service upon the defendant within 120 days from filing the complaint. However, if the plaintiff fails to complete service during that period, he or she may still request that the time be extended to complete service in order to protect the plaintiff against the running of a statute of limitations if that extension is requested within the 120-day period. *Hicks* v. *Clark,* 316 Ark. 148, 870 S.W.2d 750 (1994). We have further said that, to toll the limitations period to invoke the one-year savings statute, Ark. Code Ann. § 16-56-126 (1987), a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant. Even where a court later finds the plaintiff's timely completed service was invalid, the plaintiff is not debarred from benefiting from the one-year savings statute. *Id.*

■ Here, Thomson never obtained completed service upon Zufari within the 120-day period, and while she requested an extension to obtain service within the initial 120 days, she was granted only 30 days, ending on August 1, 1994. Thomson continued to be unable to serve Zufari, and did not obtain a voluntary nonsuit of her complaint until September 14, 1994. As a consequence, Thomson never completed service so as to toll the statute of limitations and invoke the one-year savings statute.

Before leaving the foregoing issue, we mention Thomson's suggestion that the 30-day extension she obtained ran from July 28, 1994, the date her motion was granted. Rule 6 of the Arkansas Rules of Civil Procedure provides that a court may enlarge a period originally prescribed if requested before the expiration of that period. Here, Thomson made a timely request within the 120-day period, but the court's grant of 30 days merely enlarged the originally prescribed 120 days, thereby extending it to August 1, 1994.

■ Finally, Thomson cites Rule 4 of the Arkansas Rules of Civil Procedure which provides that, upon the filing of the complaint, the clerk shall forthwith issue a summons and cause it to be delivered for service. She asserts the clerk was required to issue a summons and deliver it to the sheriff, and it is not fair for her to be penalized because of the action or inaction of the clerk. Our Rule 4 contemplates placing the summons with the plaintiff's attorney who then is to see that the summons is served by an appropriate official. Reporter's Notes to Rule 4:2 (1996). *Cf. Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994). As we have held many times, *pro se* litigants are held to the same requirements to which attorneys are held. *Jewell v. Ark. State Bd. of Dental Examiners*, 324 Ark. 463, 921 S.W.2d 950 (1996).

Affirmed.

DUDLEY, J., not participating.