Dorothy COLLINS (THOMPSON) *v.*
ST. VINCENT INFIRMARY MEDICAL CENTER; St. Vincent Infirmary; Medical Center d/b/a St. Vincent Doctors Hospital

CA 06-569                                           253 S.W.3d 26

Court of Appeals of Arkansas
Substituted opinion delivered March 14, 2007

[Rehearing denied April 11, 2007.]

*Dorothy Collins (Thompson)*, pro se appellant.

*Huckabay, Munson, Rowlett & Moore, P.A.*, by: *Sarah E. Green-wood*, for appellees.

Brian S. Miller, Judge. Appellant Dorothy Collins appeals from the Pulaski County Circuit Court's order dismissing her medical malpractice claim against appellees St. Vincent Infirmary Medical Center, St. Vincent Infirmary Medical Center d/b/a St. Vincent Doctors Hospital, and unknown nurses (collectively "St. Vincent"). We find no error and affirm.

On January 27, 2004, Collins filed a pro se medical-malpractice complaint against St. Vincent, alleging that she received treatment below the standard of care during a hospital stay from February 17, 2002, through March 2, 2002. St. Vincent answered on May 12, 2004. Collins then informed St. Vincent's attorney, Tim Boone, that she did not have counsel and could not represent herself because she had disabilities. In response, Boone suggested that Collins voluntarily nonsuit the case and informed her that she would have one year in which to refile her complaint. Boone prepared a motion to nonsuit and instructed Collins to take the motion to the judge's office. The motion was filed on June 9, 2004, and on June 18, 2004, unbeknownst to both Collins and Boone, the court entered an order nonsuiting the case.

Collins asserts that she called both the judge's chambers and Boone to see whether the motion had been granted, but received no answers. On June 21, 2004, Boone, as counsel for St. Vincent, sent a letter to the judge stating that he had received nothing indicating that the court was aware of the motion to nonsuit. Boone included a proposed nonsuit order in his letter to the court. The court did not inform Boone of its June 18, 2004 nonsuit order but signed Boone's proposed nonsuit order on June 29 and it was entered on July 1, 2004. Boone sent a copy of his July 1 nonsuit order to Collins. Collins asked Boone whether the one-year statute of limitations would run from the date the order was signed, June 29, or the date the order was filed, July 1, 2004. Boone informed Collins that the one-year filing deadline began running on the date the order was signed.

Collins refiled her medical malpractice complaint on June 29, 2005 and St. Vincent moved to dismiss the complaint. St. Vincent asserted that the complaint was untimely because it was filed one year and eleven days after the entry of the June 18, 2004 nonsuit order. The trial court agreed with St. Vincent and dismissed the case with prejudice.

On appeal, Collins argues that the trial court improperly granted summary judgment for St. Vincent. Collins also asserts that there was evidence of fraud, concealment and misrepresentation,

and that there was an attorney–client relationship between Collins and Boone. In addition, Collins argues that the one-year statute of limitations was tolled until she received notice of the entry of the nonsuit order. Finally, Collins argues that the deadline to refile the complaint should have been extended due to her disabilities.

In cases where the appellant claims that the trial court erred in granting a motion to dismiss, appellate courts review the trial court's ruling using a de novo standard of review. *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004). This court will not reverse a finding of fact unless clearly erroneous. *Sanford v. Sanford*, 355 Ark. 274, 137 S.W.3d 391 (2003). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left, on the entire record, with a definite and firm conviction that a mistake had been made. *Id.* A trial court's conclusion on a question of law, however, is given no deference on appeal. *Id.*

When a plaintiff initially files a timely action, he or she has one year after suffering a nonsuit to commence a new action. Ark. Code Ann. § 16-56-126(a)(1) (Repl. 2005). The one-year period begins when the circuit court enters an order granting the nonsuit. Ark. R. Civ. P. 41(a)(1). An order is entered when it is filed, not when the judge signs it. Ark. Sup. Ct. Admin. Order No. 2(b). Collins's argument that St. Vincent's motion to dismiss is akin to a summary judgment motion is misguided. The trial court did not enter a summary judgment, but dismissed the complaint because it was time-barred. Therefore, the chief issue on appeal is which nonsuit order controls when, as in this case, the trial court issues multiple nonsuit orders based upon the same motion. We hold that the initial nonsuit order controls. This is true because Rule 58 of the Arkansas Rules of Civil Procedure (2006) provides as follows:

> Subject to the provisions of Rule 54(b), upon a general or special verdict, or upon a decision by the court granting or denying the relief sought, the court may direct the prevailing party to promptly prepare and submit, for approval by the court and opposing counsel, a form of judgment or decree of the court. The court may enter its own judgment or decree or may enter the form prepared by the prevailing party without the consent of opposing counsel.

Rule 58 clearly does not require the court to notify the parties of the entry of an order of judgment. Further, we have held that the court does not have jurisdiction to issue a new, identical order, to provide a

party with an opportunity to make timely filings. *See Oak Hill Manor, LLC v. Ark. Health Servs. Agency*, 72 Ark. App. 458, 37 S.W.3d 681 (2001). For these reasons, we hold that the June 18, 2004 nonsuit order controls even though it was not served on the parties.

■ The undisputed material facts establish that Collins filed her original malpractice suit on January 27, 2004; that she filed a motion for voluntary dismissal on June 9, 2004; and that the court entered a nonsuit order on June 18, 2004. Pursuant to the savings statute, Collins had one year from June 18, 2004 to refile her complaint. *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997). Collins did not refile her complaint until June 29, 2005, eleven days beyond the one-year limitations period. Therefore, Collins's complaint is untimely and was properly dismissed.

Collins next argues that the June 18, 2004 nonsuit order was fraudulently concealed from her and that the statute of limitations was therefore tolled until she discovered the fraud. She argues that, at the very least, the statute of limitations was tolled until the time in which she should have discovered the fraud through an exercise in due diligence. Although St. Vincent asserts that Collins did not raise this issue below, Collins filed an affidavit stating, among other things, "I do not think defendants should be allowed to obtain a dismissal of this case based upon the misrepresentations and advice which Mr. Boone gave me." Collins's affidavit sets forth sufficient information to preserve this issue for our review.

The question of fraudulent concealment is normally a question of fact; however, when the evidence leaves no room for a reasonable difference of opinion, the trial court may resolve the issue as a matter of law. *Martin v. Arthur*, 339 Ark. 149, 3 S.W.3d 684 (1999). To prove fraud, the plaintiff must establish by a preponderance of the evidence that the defendant (1) made a false representation of material fact, (2) had knowledge that the representation was false or had insufficient evidence upon which to base the representation, and (3) intended to induce action or inaction in reliance upon the representation; in addition, the plaintiff must establish that she (1) justifiably relied upon the representation and (2) suffered damage. *Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 66 S.W.3d 568 (2002). Moreover, to prove fraudulent concealment for the purpose of tolling the statute of limitations, there must not

only be fraud, but the fraud must be secretly executed so as to keep it concealed. *Shelton v. Fiser*, 340 Ark. 89, 8 S.W.3d 557 (2000).

Collins offered no proof that Boone defrauded her or intended to defraud her in any way. Nothing indicates that Boone was aware of the June 18, 2004 nonsuit order at the time he spoke to Collins about the time to refile her complaint. Further, Boone urged Collins to get her own attorney. Finally, pro se litigants are held to the same requirements as attorneys, *Thomson v. Zufari*, 325 Ark. 208, 924 S.W.2d 796 (1996), and Collins had access to the docket, which contained the June 18, 2004 nonsuit order.

Collins also makes several additional arguments: (1) that there was evidence of an attorney-client relationship between her and Boone and that even if they did not have a contractual relationship, Boone was still liable to her for fraud; (2) that because she did not become aware of her right to refile until June 29, 2004, the statute should not have begun to run until June 29, 2004; and (3) that Ark. Code Ann. § 16-56-116 allows the tolling of the statute of limitations for those with disabilities, and with her mental and physical disabilities, she could not have understood her right to refile her case. Collins failed to make these arguments to the trial court and therefore these issues are not preserved for our review. We have consistently held that this court will not consider arguments raised for the first time on appeal. *Ark. Blue Cross & Blue Shield v. Hicks*, 349 Ark. 269, 78 S.W.3d 58 (2002).

Affirmed.

VAUGHT and HEFFLEY, JJ., agree.