Virginia ELDER and Edward Elder *v.*
MARK FORD & ASSOCIATES

CA 08-384                                           288 S.W.3d 702

Court of Appeals of Arkansas
Opinion delivered October 29, 2008

[Rehearing denied December 3, 2008.]

*Virginia Elder,* pro se appellant.

*Warner, Smith & Harris, PLC,* by: *G. Alan Wooten* and *Kathryn A. Stocks,* for appellee.

JOHN MAUZY PITTMAN, Chief Judge. This is an appeal from an award of sanctions pursuant to Rule 11 of the Arkansas

Rules of Civil Procedure. Appellant Virginia Elder was involved in a motor vehicle accident on March 7, 2003. She retained appellee Mark Ford as attorney to represent her in a lawsuit against the driver of the other automobile, Alma Boyd. Appellant subsequently brought a pro se action against Mark Ford alleging legal malpractice in connection with the tort case. The trial court found that appellant failed to raise any genuine issues of material fact and granted Ford's motion for summary judgment in an order entered June 29, 2006. Appellant filed an appeal with this court, but it was dismissed because she failed to pay the filing fee. On October 31, 2006, appellant, again acting pro se, filed a complaint in the trial court expressly stating her intent to "re-file" her malpractice claim against Ford. That complaint was based on the same events as the earlier claim. Appellee moved for Rule 11 sanctions on the ground that the lawsuit was frivolous because the claims were barred by res judicata. The trial court granted the motion and entered an order imposing sanctions in the amount of the appellee's actual expenses in defending the frivolous lawsuit, $2,264.28. Appellant, again acting pro se, now appeals from that order.[1] We affirm.

Many of appellant's arguments have no bearing on the propriety of the order for sanctions being appealed. These include her renewed allegations that appellant was negligent in his prosecution of her tort claim and her assertions that she has filed a Social Security disability claim as the result of injuries sustained in her traffic accident. Other arguments, such as her allegation that appellee made false statements to the trial judge in order to obtain the summary judgment in the prior action, are unsupported by the record.

The single relevant issue in this appeal is whether the trial judge erred in imposing sanctions. The primary purpose of Rule 11 sanctions is to deter future litigation abuse. *Harrison v. Loyd*, 87 Ark. App. 356, 192 S.W.3d 257 (2004). Whether a violation of Rule 11 occurred is a matter for the trial court to determine and,

---

[1] The notice of appeal in this case was signed only by appellant Virginia Elder. Although she purports to represent both herself and her husband, Edward, she is not a licensed attorney and may not represent the interests of others. To the extent that she filed pleadings on behalf of her husband, such actions are nullities. *See Davidson Properties, LLC. v. Summers*, 368 Ark. 283, 244 S.W.3d 674 (2006). Therefore, we address only Mrs. Elder's claims on appeal.

because this determination involves matters of judgment and degree, we will reverse a Rule 11 determination on appeal only if the trial court has abused its discretion. *Ward v. Dapper Dan Cleaners & Laundry, Inc.*, 309 Ark. 192, 828 S.W.2d 833 (1992). Rule 11 sanctions are proper when a claim is brought that is obviously barred by the doctrine of res judicata. *Parker v. Perry*, 355 Ark. 97, 131 S.W.3d 338 (2003).

Under the doctrine of res judicata, or claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Francis v. Francis*, 343 Ark. 104, 31 S.W.3d 841 (2000). Res judicata bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated. *Id.* The test for determining whether res judicata applies is whether matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein; when a new action is based on the same events and subject matter as the previous case, and only raises new legal issues and seeks additional remedies, the trial court is correct to find the present case is barred by res judicata. *Id.* Here, it is clear that appellant's new action, although not identical, was based entirely on the same events and subject matter as the previous case, and that the additional issues and allegations contained in her second complaint could have been litigated in the prior proceeding.

Although we recognize that most laymen are unfamiliar with the workings of the doctrine of res judicata and that appellant's mistake is therefore a natural one, the fact remains that she has chosen to represent herself both in the trial court and on appeal, and her right to represent herself in this manner carries with it concomitant responsibilities. Pro se appellants receive no special consideration of their argument and are held to the same standard as licensed attorneys, *see Perry v. State*, 287 Ark. 384, 699 S.W.2d 739 (1985); if they file frivolous lawsuits, they do so at their peril.

Affirmed.

BAKER and HUNT, JJ., agree.