2011 Ark. App. 512

**Christopher H. PRESSLER and Tiffany Pressler, Appellants**

v.

**ARKANSAS PUBLIC SERVICE COMMISSION and Entergy Arkansas, Inc., Appellees.**

**No. CA 10–996.**

Court of Appeals of Arkansas.

Sept. 7, 2011.

Michael U. Sutterfield, Conway, for appellants.

Fran Carleda Hickman and Laura Raffaelli Landreaux, Little Rock, for appellees.

CLIFF HOOFMAN, Judge.

Appellants Tiffany and Christopher Pressler bring this appeal from the decision of the Arkansas Public Service Com-

mission (PSC or the Commission) dismissing their complaint against appellee Entergy Arkansas, Inc., wherein the Presslers contended Entergy overcharged them approximately $1700 for electric service at the residence they constructed between August 2006 and February 2009. In three points for reversal, the Presslers argue that the Commission erred in (1) not considering all of the issues they raised in their complaint or amended complaint; (2) denying them the right to subpoena witnesses in violation of their due-process rights; and (3) finding that they had not met their burden of proof. We affirm.

The Presslers acted as their own general contractor in the construction of their new home, a tri-level house containing between 4500 and 5000 square feet. They began building their new home in the summer of 2006. A temporary electric meter was installed outside the perimeter of the house for use by the workers during the construction phase in August 2006. In November 2007, at the Presslers' request, Entergy installed a permanent meter with an underground service drop at the house while it was still under construction. When the Presslers learned in January 2008 that the permanent service meter was activated, they requested that it be turned off, and this was done on or about January 10, 2008. The Presslers moved into the residence in early February 2009. Thereafter, they received the disputed bill at issue in the amount of $1,704.66 after various adjustments by Entergy.

On June 22, 2009, the Presslers filed a pro se complaint with the Commission. The complaint asked the Commission to rule that the Presslers were not liable for any usage they did not request prior to February 2009; that Entergy credit their account for the $1,704.66 plus any late charges; that Entergy adjust the energy-charge rate to that posted on the PSC's website; and that Entergy refund all over-payments.

The ALJ issued Order No. 2 on July 22, 2009, scheduling a hearing on the Presslers' complaint for October 15, 2009. The parties were to file their witness lists by October 1, 2009.

On October 2, 2009, the Presslers, still acting pro se, filed their witness list containing the names of their electrician during the construction of the home, the persons who installed the two heat pumps in the residence, and seven Entergy employees. They also amended their complaint to allege that Entergy violated specified General Service Rules and that Entergy was attempting to bill them for service that they did not request.

On October 14, 2009, the Presslers moved for a continuance because Jason Brantley, their electrician, was ill with the swine flu. Brantley's affidavit was submitted with the motion. Later that same day, the Presslers amended their motion for a continuance to add that a continuance was necessary to issue subpoenas to procure the attendance of certain Entergy employees they had listed on their witness list. The PSC staff suggested that the record be left open so that Brantley could testify at some future point. Entergy objected to a continuance that resulted from the Presslers' failure to timely issue subpoenas but did not object to the continuance caused by Brantley's illness.

The ALJ denied the motion for continuance by Order No. 3, issued on October 14, 2009. The record would be left open for a further hearing "limited solely to the purpose of having Mr. Brantley testify and for no other purpose."

Immediately prior to the commencement of the hearing, the ALJ took up Entergy's oral objections to the Presslers' filing of

their amended complaint and the late filing of their witness list. Entergy argued that, because of the late filing of the amended complaint, it did not have the witnesses present to address the new allegations contained in the amended complaint. The ALJ offered to continue the hearing to give Entergy sufficient time to investigate the allegations of the amended complaint. The ALJ noted that the fact that Entergy and the PSC staff were seeking a continuance changed the issue of the Presslers' failure to subpoena the Entergy employees listed on their witness list. Entergy objected to allowing the Presslers the opportunity to subpoena the witnesses they had failed to subpoena earlier, stating that the continuance to address the allegations of the amended complaint was a separate issue from the failure to subpoena witnesses. The PSC staff suggested that the ALJ hear and address the allegations of the Presslers' original complaint that day and that the subsequent hearing be for the purpose of hearing the testimony of Jason Brantley. The ALJ orally ruled that, because of the continuance requested by Entergy and the PSC staff, the Presslers would be able to subpoena the witnesses that they did not originally subpoena.

After the Presslers presented their case, the ALJ recessed the hearing because the Presslers had a family emergency. The ALJ entered Order No. 4 on November 2, 2009, that set forth the limited purposes of the continued hearing: to receive Brantley's testimony; to receive the testimony of the witnesses listed in Entergy's original witness list; to receive the testimony of additional Entergy witnesses necessary to address the allegations in the Presslers' amended complaint; and to receive the testimony of a witness for the PSC staff.

In a series of emails in early December 2009, the Presslers again sought to subpoena four of the seven Entergy employees listed on their witness list. Although the Presslers portrayed these witnesses as rebuttal witnesses, the ALJ ruled that the Presslers could not subpoena these witnesses because they were not subpoenaed prior to the first hearing on October 15, 2009. The ALJ later clarified the ruling to apply to any witness the Presslers wanted to call. The Presslers filed an objection to the ALJ's ruling on January 8, 2010.

Following the conclusion of the hearing in January 2010, the ALJ issued Order No. 5 concluding that the Presslers failed to meet their burden of proving that the alleged overbilling was the result of any wrongdoing by Entergy. The ALJ ruled that there was no proof of a causal connection between Entergy's alleged violations of the Commission's General Service Rules and the alleged overbilling. The ALJ also noted the sincerity of the Presslers' belief that they were overbilled but, nevertheless, found that the sincerity of their belief was no substitute for proof of such overbilling.

In accordance with statutory requirements[1] and the Commission's rules, the Presslers, through counsel, sought rehearing on July 29, 2010. The request for rehearing was deemed denied on Monday, August 30, 2010.[2] The Presslers filed their notice of appeal with the clerk of this court on September 27, 2010.

Our review of Commission orders is limited by statute as follows:

(3) The finding of the commission as to the facts, if supported by substantial evidence, shall be conclusive.

(4) The review shall not be extended further than to determine whether the

---

1. *See* Ark.Code Ann. § 23–2–423(a)(2) (Repl. 2002).

2. *See* Ark.Code Ann. § 23–2–422(d) (Repl. 2002).

commission's findings are supported by substantial evidence and whether the commission has regularly pursued its authority, including a determination of whether the order or decision under review violated any right of the petitioner under the laws or Constitution of the United States or of the State of Arkansas.

Ark.Code Ann. § 23–2–423(c) (Repl.2002). If an order of the Commission is supported by substantial evidence and is neither unjust, arbitrary, unreasonable, unlawful, nor discriminatory, the appellate court must affirm the Commission's action. *See Entergy Arkansas, Inc. v. Ark. Pub. Serv. Comm'n*, 104 Ark.App. 147, 289 S.W.3d 513 (2008). To establish an absence of substantial evidence, the appellant must demonstrate that the proof before the Commission was so nearly undisputed that fair-minded persons could not reach its conclusion. *Id.* Administrative action may be regarded as arbitrary and capricious where it is not supportable on any rational basis, and something more than mere error is necessary to meet the test. *Id.* To set aside the Commission's action as arbitrary and capricious, the appellant must prove that the action was a willful and unreasoning action, made without consideration and with a disregard of the facts or circumstances of the case. *Id.*

■ The Presslers first argue that the Commission failed to follow Arkansas law and rule ⌊6⌋on all of the issues raised in their complaint. We disagree.

Arkansas Code Annotated section 23–2–421(a) requires that the Commission's decision "shall be in sufficient detail to enable any court in which any action of the commission is involved to determine the controverted question presented by the proceeding." The Presslers contend that the Commission violated this statute by failing to address all of the issues raised in their

complaint and amended complaint. Specifically, they contend that the Commission failed to rule on their claims that Entergy (1) activated permanent service without their authorization; (2) failed to have a proper "itemized bill description"; (3) failed to have a policy to verify the accuracy of a bill; (4) failed to submit bills to the Presslers within thirty days after the meter was read; and (5) charged them an improper rate for electricity.

We have held that the Commission is not required to make findings of fact upon all items of evidence or issues, but that the findings should be sufficient to resolve the material issues. *Bryant v. Ark. Pub. Serv. Comm'n*, 54 Ark.App. 157, 182, 924 S.W.2d 472, 486 (1996). The decision in the present case was sufficient.

In Order No. 5, the ALJ noted the dispute about whether the Presslers requested activation of permanent service. The ALJ further noted that the Presslers had filed an amended complaint alleging the violation of several of the Commission's rules. He then found that there were no allegations in the amended complaint that these alleged violations were causally related to the alleged overbilling and confined his order to consideration of the alleged wrongdoing by Entergy that had some causal connection to the overbilling. The testimony of Holly Tubbs, a witness for the PSC staff, that there was no evidence that the Presslers were overbilled or that Entergy had violated any of the Commission's rules was credited by the ALJ ⌊7⌋in concluding that the Presslers had failed to meet their burden of proof.

The issue in this case was whether the Presslers were overbilled for electricity usage. Whether the Presslers requested that the permanent service be activated is not directly relevant to whether they were overbilled for that service. The Commission complied with section 23–2–421(a)

when it gave a considered response that informed the parties of the basis for the order and indicated the reasoning by which the Commission reached its decision.

■ The Presslers next argue that they submitted sufficient evidence to show that they were overbilled and that the Commission erred in finding that they had failed to meet their burden of proof. We note that, in making this argument, the Presslers do not properly understand our standard of review, which requires that we affirm the Commission if there is substantial evidence to support its decision. The Presslers do not argue that the Commission's decision was not supported by substantial evidence or that it was arbitrary or capricious.

There was testimony that the meter on the Presslers' house was working properly. It is undisputed that the Presslers set the heat pumps to run when the temperature in the house reached fifty degrees so as to prevent their pipes from freezing. There was also testimony that the appliances installed in the Presslers' home could have used the amount of electricity billed under the weather conditions during the time period in question. Other testimony showed that the rates were the same for both the temporary construction meter and the permanent meter. As noted above, the ALJ specifically credited the testimony of Holly Tubbs of the PSC staff that there was no evidence that Entergy overbilled the Presslers or that it violated any of the Commission's rules. As the trier of fact, it was the Commission's duty to decide the credibility of witnesses and the weight to be given their testimony. *Entergy Arkansas,* 104 Ark. App. at 160, 289 S.W.3d at 524. The Commission was within its authority to rely on the PSC staff witness. *Id.*

■ Finally, the Presslers argue that the Commission violated their due-process rights by not allowing them to subpoena four Entergy employees. Again we disagree.

In Order No. 2, entered on July 22, 2009, the ALJ scheduled the hearing for October 15, 2009. He also directed that the parties file their witness lists no later than October 1, 2009. The Presslers' witness list, which was not filed until October 2, 2009, listed seven Entergy employees.

The Commission's Rules of Practice and Procedure provide that parties before the Commission may request subpoenas from the Commission to secure the testimony of witnesses. Those rules, however, do not specify a time in which subpoenas are required to be served. The Presslers were afforded due process because they had the opportunity to subpoena witnesses but failed to do so. *Ark. Dep't of Human Servs. v. A.B.,* 374 Ark. 193, 286 S.W.3d 712 (2008).

The Presslers' main complaint appears to be that the ALJ made a statement at the beginning of the hearing that the Presslers could subpoena the Entergy employees they had listed on their witness list but then changed his mind so that the Presslers could not subpoena the Entergy employees. However, the ALJ indicated at the end of the hearing and in the order continuing the hearing that the Presslers would not be able to subpoena the witnesses from their witness list. This ruling was repeated in the email exchanges between the Presslers and the ALJ in December 2009.

There is some indication in the record that in August 2009 the Presslers were trying to ascertain the names of Entergy employees who may have installed the permanent meter and activated the permanent service in November 2007. This would have been timely had they actually had subpoenas issued; however, they did not follow through.

■ The Presslers' failure to timely subpoena witnesses may be a result of their acting pro se. The fact that the Presslers were proceeding pro se before the Commission does not warrant them special treatment, however, because pro se parties are held to the same standard as a licensed attorney. *Elder v. Mark Ford & Assocs.*, 103 Ark.App. 302, 288 S.W.3d 702 (2008). One cannot complain if the inability to confront or cross-examine witnesses is brought about by one's own inattention to the procedural requirements. *Barnes v. Barnes*, 311 Ark. 287, 843 S.W.2d 835 (1992).

Affirmed.

WYNNE and MARTIN, JJ., agree.