SLIP OPINION

Cite as 2015 Ark. App. 14

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–14–509

FRANK BEMIS PLEDGER

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** January 14, 2015

APPEAL FROM THE MILLER
COUNTY CIRCUIT COURT
[NO. 46CR–13–184]

HONORABLE KIRK DOUGLAS
JOHNSON, JUDGE

REBRIEFING ORDERED; MOTION
TO WITHDRAW DENIED

## PHILLIP T. WHITEAKER, Judge

Appellant Frank Pledger was convicted by a Miller County jury of residential burglary and was sentenced as a habitual offender to forty years in the Arkansas Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Pledger's attorney has filed a motion to withdraw as counsel on the ground that the appeal is wholly without merit. The motion is accompanied by an abstract, brief, and addendum purporting to list all adverse rulings and to explain why each adverse ruling is not a meritorious ground for reversal. However, we must deny counsel's motion to withdraw because counsel has failed to abstract and address all rulings adverse to Pledger and has failed to submit an addendum that complies with the requirements of the Rules of the Arkansas Supreme Court and Court of Appeals.

First, we note that our review of the record revealed that the trial court sustained the State's objection to a statement made by defense counsel during closing argument. Counsel failed to abstract or address this adverse ruling. Under Rule 4–3(k)(1), before this court may grant counsel's motion to withdraw, he must abstract and adequately explain why each adverse ruling is not a meritorious ground for reversal in his brief, and a failure to do so requires us to order rebriefing. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877; *Gregory v. State*, 2011 Ark. App. 406.

Second, the abstract we have been provided reflects that a CD containing a portion of the police interview with Pledger was played in open court; yet there is no copy of the CD in the addendum as required by our rules. Arkansas Supreme Court Rule 4–2(a)(8) requires that an appellant's brief include an addendum consisting of all documents essential to this court's resolution of the issues on appeal, including exhibits such as CDs and DVDs.

Pursuant to Rule 4–2(b)(3), we afford Pledger's counsel an opportunity to cure these deficiencies. Counsel is directed to file a substituted abstract, brief, and addendum within fifteen days from the date of this opinion. Before doing so, we strongly encourage counsel to carefully review the rules to ensure that no other deficiencies exist.

Rebriefing ordered; motion to withdraw denied.

GLADWIN, C.J., and HIXSON, J., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.