

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-498

| | |
|---|---|
| | **Opinion Delivered** FEBRUARY 25, 2015 |
| | APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT |
| TIMOTHY WAYNE COX | |
| APPELLANT | [NO. CR-08-140] |
| V. | HONORABLE JOHN DAN KEMP, JUDGE |
| STATE OF ARKANSAS | REBRIEFING ORDERED; MOTION |
| APPELLEE | TO BE RELIEVED AS COUNSEL DENIED WITHOUT PREJUDICE |

## KENNETH S. HIXSON, Judge

Appellant Timothy Wayne Cox was convicted by a jury of raping a nine-year-old girl and was sentenced to forty years in prison. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the grounds that this appeal is wholly without merit. The motion was accompanied by an abstract, brief, and addendum purporting to list all adverse rulings and to explain why each adverse ruling is not a meritorious ground for reversal. Mr. Cox was provided a copy of his counsel's brief and notified of his right to file pro se points for reversal, but he has not filed any points. We deny counsel's motion to withdraw and order rebriefing because counsel has submitted an incomplete addendum and has failed to address all of the adverse rulings.

Appellant's counsel's brief contains a table of contents indicating that the addendum contains seventy-one pages. However, inexplicably and through apparent inadvertence, the addendum actually submitted omits the first page, which is identified as the criminal information charging appellant with rape, and the addendum stops at page forty-seven. According to the table of contents, the missing pages at the end of the addendum consist of critical items including the sentencing order being appealed from and the notice of appeal. Arkansas Supreme Court Rule 4–2(a)(8) requires that an appellant's brief include an addendum consisting of all documents essential for this court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. The addendum is incomplete, and we order appellant's counsel on rebriefing to submit a complete addendum, to include all of the documents identified by counsel in the table of contents.

Furthermore, although appellant's counsel discussed most of the adverse rulings in his brief, our independent review of the record reveals an additional adverse ruling that counsel failed to address. This adverse ruling is contained in the abstract at page 171, where the trial court sustained the State's objection to testimony regarding the awards Mr. Cox earned in his military service. Under Rule 4–3(k)(1), before this court may grant counsel's motion to withdraw, he must adequately explain why each adverse ruling is not a meritorious ground for reversal in his brief, and a failure to do so requires rebriefing. *Pledger v. State*, 2015 Ark. App. 14.

Pursuant to Rule 4–2(b)(3), we afford appellant's counsel an opportunity to cure these deficiencies. Counsel is directed to file a substituted abstract, brief, and addendum within

SLIP OPINION

fifteen days from the date of this opinion. We encourage counsel, prior to filing a substituted brief, to carefully review Rules 4-2 and 4-3 to ensure that no additional deficiencies exist. After the filing of the substituted brief, counsel's motion and brief will be forwarded by our clerk to appellant so that, within thirty days, he again will have the opportunity to raise pro se points in accordance with Rule 4-3(k). The State will likewise be given the opportunity to file a responsive brief. *See Johnson v. State*, 2015 Ark. App. 22.

Rebriefing ordered; motion to be relieved as counsel denied without prejudice.

ABRAMSON and HOOFMAN, JJ., agree.

*John C. Burnett*, for appellant.

No response.