

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–507

| | |
|---|---|
| GERALD BRECKENRIDGE<br>APPELLANT<br><br>V.<br><br>ROBERT D. LOWERY<br>APPELLEE | **Opinion Delivered:** March 4, 2015<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT<br>[NO. CV-13-262]<br><br>HONORABLE THOMAS MORGAN HUGHES, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's order granting appellee's motion for summary judgment. On appeal, appellant argues that (1) the circuit court abused its discretion in deeming appellee's requests for admissions admitted when there was no proof in the record that appellant ever received the requests, and (2) the circuit court failed to liberally construe the pleadings so as to do substantial justice as required by Arkansas Rule of Civil Procedure 8(f). We affirm.

Appellant filed a complaint for medical malpractice and negligence against appellee on July 1, 2013, asserting that "[a]s a result of [appellee's] negligence and violation of the

applicable standard of care, [appellant's] vision remains impaired." A summons was dated July 11, 2013.[1] Proof of service was filed on July 12, 2013.

Appellee filed his answer on July 17, 2013, denying that surgery took forty-five minutes and admitting that he advised appellant that the posterior capsule had torn during the procedure, denying that he told appellant his vision would be normal within two days of his surgery, denying that appellant's vision remained impaired due to his negligence and violation of the applicable standard of care, and denying that appellant's damages were in excess of federal diversity jurisdiction. Appellee adopted all affirmative defenses available to him under the Arkansas Medical Malpractice Act.[2] Finally, he asserted that appellant had failed to state facts upon which relief could be granted, and therefore, moved to dismiss appellant's complaint pursuant to Arkansas Rule of Civil Procedure 12(b)(6).[3]

Also on July 17, 2013, appellee filed his requests for admissions. Therein, appellee made the following requests for admission:

> REQUEST FOR ADMISSION NO. 1: Admit that you have not engaged a qualified medical care provider who will state, within a reasonable degree of medical certainty, that Dr. Robert D. Lowery failed to comply with the standard of care required of an ophthalmologist in his care and treatment of you. If you deny this Request, state with specificity the reason for your denial.
>
> REQUEST FOR ADMISSION NO. 2: Admit that you have not engaged a qualified medical care provider who will state, within a reasonable degree of medical certainty, that Dr. Robert D. Lowery breached the applicable standard of

---

[1] Appellant failed to file a copy of the summons with the court. Accordingly, no copy of the summons appears in the record. However, appellee acknowledged that it had not asserted a defense of failure to effect proper service, and accordingly, had waived the same.

[2] Ark. Code Ann. §§ 16–114–201 to –213 (Repl. 1998).

[3] (2013).

care in his performance of corrective cataract surgery on you on July 14, 2010. If you deny this Request, state with specificity the reason for your denial.

REQUEST FOR ADMISSION NO. 3: Admit that you do not have any support through a qualified medical care provider for your allegation against Dr. Robert D. Lowery that there was an act of negligence on his part that was a proximate cause of injury to you. If you deny this Request, state with specificity the reason for your denial.

The certificate of service reflected that a copy of the requests for admission had been served on appellant at the address of 127 Highway 169, McCrory, Arkansas 72101. Appellant failed to respond.

On September 24, 2013, appellee filed a motion for summary judgment and accompanying brief in support, asserting that appellee's requests for admissions should be deemed admitted due to appellant's failure to respond within thirty days pursuant to Arkansas Rule of Civil Procedure 36(a).[4] Therein, appellee argued that because his requests for admissions should be deemed admitted, appellant was unable to meet his standard of care or proximate causation burdens of proof as a matter of law, therefore, no issue of material fact existed in the case.

Appellant filed his responses to appellee's requests for admissions on September 25, 2013, denying all of appellee's requests for admissions. He also stated that he had not been properly served as appellee sent his answer and the requests for admissions to the wrong address. Attached to his response was an affidavit from attorney John Bell, who assisted appellant in preparing his form summons, stating that Bell put an erroneous, old address of appellant on the summons form.

---

[4] (2013).

SLIP OPINION

On October 15, 2013, appellant filed a response to appellee's motion for summary judgment. Appellee filed his reply brief to appellant's response to his motion for summary judgment on October 28, 2013, arguing that appellant's failure to receive appellee's answer and requests for admissions due to his own oversight of the erroneous address on his summons is not an error of the sort excused by the Arkansas Rules of Civil Procedure. Therefore, appellee argued, appellee's requests for admissions should be deemed admitted and appellee's motion for summary judgment should be granted as a matter of law.

On February 20, 2014, the circuit court entered an order granting appellee's motion for summary judgment. It found that because appellee's requests for admissions were forwarded to the address appellant provided in his summons, and appellant failed to respond, appellee's requests for admissions were deemed admitted pursuant to Arkansas Rule of Civil Procedure 36(a) due to appellant's failure to forward an answer within thirty days of service. Accordingly, the circuit court found that as a result of appellant's admissions, as a matter of law, he had no admissible proof that appellee breached the applicable standard of care or that any negligence on appellee's part was the proximate cause of appellant's damages. This timely appeal followed.

Appellant argues that the circuit court abused its discretion in deeming appellee's requests for admissions admitted because (1) the requests for admissions were sent to the wrong address, and (2) there was no proof in the record that appellant ever received the pleading. We disagree.

A trial court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed by the appellate court absent an abuse of

discretion that is prejudicial to the appealing party.[5] To have abused its discretion, the trial court must have not only made an error in its decision, but also must have acted improvidently, thoughtlessly, or without due consideration.[6]

Arkansas Rule of Civil Procedure 36(a) provides, in pertinent part:

(a) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request.

. . .

The matter is admitted unless, within 30 days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.

(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . .[7]

On July 17, 2013, appellee filed his requests for admissions. Appellant did not file a response until September 25, 2013. Appellant's failure to respond to appellee's requests for admissions was due to appellant's failure to correct the address placed on his summons from his former address to his current address. He submitted an affidavit from an attorney

---

[5] *Hardesty v. Baptist Health*, 2013 Ark. App. 731, at 4, 431 S.W.3d 327, 330 (citing *Deering v. Supermarket Investors, Inc.*, 2013 Ark. App. 56, at 7, 425 S.W.3d 832, 836).

[6] *Id.*, 2013 Ark. App. 731 at 4–5, 431 S.W.3d at 330.

[7] Ark. R. Civ. P. 36(a) & (b).

who assisted him in drafting his complaint and summons, stating that the attorney put the wrong address on the summons.

Pro se parties are not given special treatment and are held to the same standard as a licensed attorney.[8] Our supreme court has not favored a party's filing late responses in instances involving ordinary office distractions,[9] or secretarial error.[10] However, the particular facts of each case must be examined and, when the facts warrant, acceptance of late responses is required.[11] Our court has also taken into consideration whether the party who propounded the requests was prejudiced by a late response.[12]

Appellant was served at the address he provided to appellee.[13] While appellant's attorney-secretary accepts responsibility for the error, it was appellant's responsibility to verify that all information provided was correct. Without appellant's responses to appellee's requests for admissions, appellee was prejudiced by being unable to prepare a defense.

---

[8] *Pressler v. Ark. Publ. Serv. Comm'n*, 2011 Ark. App. 512, at 9, 385 S.W.3d 349, 355 (citing *Elder v. Mark Ford & Assocs.*, 103 Ark. App. 302, 288 S.W.3d 702 (2008)).

[9] *Chiodini v. Lock*, 2010 Ark. App. 340, at 6, 374 S.W.3d 835, 840 (citing *Allen v. Kizer*, 294 Ark. 1, 740 S.W.2d 137 (1987)).

[10] *Id.* (citing *Barnett Rest. Supply, Inc. v. Vance*, 279 Ark. 222, 650 S.W.2d 568 (1983)).

[11] *Id.* (citing *Gibson v. Gibson*, 87 Ark. App. 62, 185 S.W.3d 122 (2004); *Belcher v. Bowling*, 22 Ark. App. 248, 738 S.W.2d 804 (1987)).

[12] *Id.* (citing *Belcher*, 22 Ark. App. at 251, 738 S.W.2d at 806).

[13] Appellant makes no argument that the requests for admissions were not delivered as addressed.

Arkansas Rule of Civil Procedure 5(a) states that every pleading and every other paper shall be served upon each of the parties. Arkansas Rule of Civil Procedure 5(b) states that where service is required, it shall be made, in this case, upon the party "by delivering a copy to him or by sending it to him by regular mail or commercial delivery company at his last known address." Service by mail is presumptively complete upon mailing.[14] Appellant's failure to receive appellee's requests for admissions is his own fault due to his own error.

Appellant's second argument is that the circuit court failed to liberally construe the pleadings so as to do substantial justice as required by Arkansas Rule of Civil Procedure 8(f).[15] This rule deals with complaints, counterclaims, cross-claims, and third-party claims, none of which is at issue in this matter. Though appellant includes Arkansas Rule of Civil Procedure 8(f) as the authority for this argument, he follows its citation by a reiteration of his previous argument that the court should not have deemed admitted appellee's requests for admissions because he did not receive them. We have addressed this argument above. Furthermore, appellant states of the liberal construction he seeks: "[w]hen dealing with a pro se party, the importance of this requirement is especially applicable[.]" We see this as a request for special treatment because of his status as a pro se litigant. Pro se litigants are

---

[14] Arkansas Rule of Civil Procedure 5(b).

[15] (2014).

held to the same requirements as attorneys; they are not given special or relaxed treatment.[16]

We cannot find abuse in the circuit court's application of its discretion.

Affirmed.

GLADWIN, C.J., and KINARD, J., agree.

*Gerald Breckenridge*, pro se appellant.

*Wright, Lindsey & Jennings, LLP*, by: *Edwin L. Lowther, Jr.*, and *W. Carson Tucker*, for appellee.

---

[16] *See Collins v. St. Vincent Doctors*, 98 Ark. App. 190, 195, 253 S.W.3d 26, 29 (2007) (citing *Thomson v. Zufari*, 325 Ark. 208, 924 S.W.2d 796 (1996)).