E. L. BANKSTON *v.* George DAVIS
and Johnny W. STARKEY

77-122                                        559 S.W. 2d 714

Opinion delivered January 9, 1978
(Division II)

*Guy H. Jones, Phil Stratton, Guy Jones, Jr.,* and *Casey Jones,* by: *Phil Stratton,* for appellant.

*C. Byron Smith, Jr.,* for appellees.

FRANK HOLT, Justice. The trial court dismissed Count Two of appellant's complaint which alleged that the publication of false and defamatory statements by the appellees was "a wrongful interference with plaintiff's employment contract and future economic and business expectancies." The trial court held that the allegation sounded in tort and, therefore, was governed by the three year statute of limitations. Ark. Stat. Ann. § 37-206 (Repl. 1962). Appellant asserts that his cause of action does not clearly fall within the provisions of § 37-206 nor any other statute of limitations except Ark. Stat. Ann. § 37-213 (Repl. 1962) which provides for a five year period of limitation.

It is undisputed that Count Two of the complaint was asserted more than three years after the cause of action arose. In *Mason* v. *Funderburk,* 247 Ark. 521, 446 S.W. 2d 543 (1969), we said: "Under Arkansas law, a malicious and wilful interference with contractual rights and relationships of

another has been recognized as an actionable tort." Further, we quoted with approval:

'Intentional and unjustified third-party interference with valid contractual relations or business expectancies constitutes a tort, with its taproot embedded in early decisions of the court of England, . . . '

Accordingly, the trial court was correct in holding appellant's claim was barred by § 37-206, the applicable statute of limitation.

Affirmed.

We agree: HARRIS, C.J., and HICKMAN and HOWARD, JJ.