Gail PARKERSON *v.* Charles J. LINCOLN, II

01–478                                                  61 S.W.3d 146

Supreme Court of Arkansas
Opinion delivered November 29, 2001
[Petition for rehearing denied January 10, 2002.]

*T.B. Patterson, Jr., P.A.*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Robert L. Henry, III,* and *Richard A. Smith*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. This is an appeal of a summary judgment granted to appellee in an action for legal malpractice and breach of contract. The following facts are undisputed. Appellant, Gail Parkerson, filed her *pro se* complaint against American States Insurance Company ("American States") in Garland County Circuit Court on August 28, 1995. Appellee, Charles Lincoln, II, filed his entry of appearance on October 11, 1995. The losses claimed by appellant against American States occurred on August 27, 1990; she filed her complaint on August 28, 1995 — one day outside of the five-year statute of limitations.

Hearings were held on September 9, 1996, and October 7, 1996, on American States' motion for summary judgment based on the assertion that the claim was barred by the applicable statute of limitations. On October 7, 1996, Judge Walter Wright granted American States' motion for summary judgment, finding that the statute of limitations did, indeed, bar the claims.

On October 8, 1996, appellant spoke with appellee via telephone and was informed that the motion for summary judgment was granted. On October 9, 1996, appellant called appellee and suggested that he file a motion for reconsideration based on the fact that the date the statute would have run would have fallen on the weekend, and August 28th was the first day after the weekend that the complaint could have been filed; therefore, the complaint should have been considered timely filed. Appellee told appellant not to bother him again and instructed her to find another attorney. Appellant and appellee agree that this was the last conversation between the two of them.

On October 11, 1996, appellant resumed representing herself *pro se* and filed a motion for reconsideration, which was granted;

Judge Wright set aside his previous ruling granting American States' motion for summary judgment. On October 17, 1996, appellant wrote a letter to appellee outlining what she believed to be the various mistakes and acts of negligence on his part. All of the acts she alleged to be negligent occurred prior to October 9, 1996. She made specific mention of his alleged negligence and three references to a potential malpractice suit against him. Also on October 17, 1996, appellant filed with the court a notice of change of attorney, notifying the court that appellee was no longer her attorney.

On October 18, 1999, appellant filed in Pulaski County Circuit Court her complaint against appellee for legal malpractice and breach of contract. Appellee moved for summary judgment, contending that the statute of limitations for a breach of contract action had run prior to the date appellant filed her complaint against him. On December 4, 2000, the trial judge heard the appellee's motion for summary judgment and granted same in an order dated January 4, 2001. It is from this order that appellant brings the instant appeal. For her only point on appeal, appellant asserts that the trial court erred in granting summary judgment to appellee, whether on the basis of the statute of limitations or the lack of proximately caused damages, and in dismissing the legal malpractice action of appellant. We affirm.

*I. Standard of Review*

We have ceased referring to summary judgment as a "drastic" remedy. We now regard it simply as one of the tools in a trial court's efficiency arsenal; however, we only approve the granting of the motion when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file is such that the nonmoving party is not entitled to a day in court, *i.e.*, when there is not any genuine remaining issue of material fact and the moving party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 332 Ark. 189, 961 S.W.2d 712 (1998). The burden of proving that there is no genuine issue of material fact is upon the movant, and all proof submitted must be viewed favorably to the party resisting the motion. *Ford v. St. Paul Fire & Marine Ins. Co.*, 339 Ark. 434, 5 S.W.3d 460 (1999). On appellate review, we determine if summary judgment was proper based on whether the evidence presented by the movant left a material question of fact unanswered. *City of Dover v. A. G. Barton*, 342 Ark. 521, 29 S.W.3d 698 (2000).

## II. Statute of Limitations

■■ The applicable statute of limitations for actions on contract and legal malpractice is three years, pursuant to Ark. Code Ann. § 16-56-105 (Supp. 1999). We have held that the limitations period in these types of cases begins to run when there is a complete and present cause of action, and, in the absence of concealment of the wrong, when the injury occurs, *not* when it is *discovered*. See *Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 935 S.W.2d 258 (1996); *Chapman v. Alexander*, 307 Ark. 87, 817 S.W.2d 425 (1991). Appellant does not plead concealment on any level. Appellant and appellee agree that the last conversation between the two of them occurred on October 9, 1996. Further, although appellee was still appellant's attorney of record until October 17, 1996, at which time appellant filed notice with the court that appellee was no longer her attorney, all of the allegations of negligence asserted by appellant occurred prior to October 9, 1996. Appellant did not file her complaint against appellee until October 18, 1999. The statute of limitations ran on October 9, 1999. Therefore, appellant's claim against appellee was barred, and the trial court was correct in granting summary judgment in appellee's favor.

Appellant asserts that because appellee had not turned over her file until he made it available to her sometime in November of 1999, then the statute was tolled until she obtained the file. We disagree. Because appellant, in her letter to appellee dated October 17, 1996, outlined to appellee all of the actions that she believed were negligent on his part — all of which occurred *prior* to October 9, 1996, and because we have held that the limitations period begins to run when the injury occurs and not when it is discovered, we hold that the statute had run and appellant's claims against appellee are barred.

Affirmed.