## QUALITY OPTICAL of JONESBORO, INC. *v.*
## TRUSTY OPTICAL, L.L.C., and Marvin Franklin Trusty, Jr.

05–251                                            225 S.W.3d 369

Supreme Court of Arkansas
Opinion delivered January 26, 2006

*Arlon L. Woodruff,* for appellant.

*Jester Law Firm,* by: *Christopher M. Jester,* for appellee.

BETTY C. DICKEY, Justice. Quality Optical of Jonesboro, Inc., filed suit against its former employee, Marvin Trusty, on August 5, 2002, alleging misappropriation of trade secrets, interference with a contractual relationship or business expectancy, and breach of an implied contract. Trusty in turn filed a motion to dismiss pursuant to Ark. R. Civ. P. 12(b)(6), alleging that the statute of limitations had run as to all causes of action. On November 1, 2005, an order was entered in Craighead County Circuit Court granting Trusty's motion to dismiss, on the grounds that the statute of limitations had expired for all the alleged offenses, and all causes of action were dismissed with prejudice. It is from this order that Quality Optical appeals. Jurisdiction in this case exists pursuant to Ark. Sup. Ct. R. 1-2(b)(4), issues of substantial public interest, and (5), significant issues needing clarification or development of the law, or overruling of precedent. We find no error and affirm.

Appellant Quality Optical of Jonesboro, Inc., was a wholesaler in the business of providing eyewear to eye care professionals. From 1990 to January 1999, Marvin Trusty was an employee of Quality Optical, and for a considerable portion of that time was general manager of its Jonesboro office. During that time, Trusty became thoroughly familiar with the inner workings of the business. On or around January 8, 1999, Trusty left the employ of Quality Optical and opened his own business, namely Trusty Optical L.L.C., which provided the same services as Quality Optical. Trusty Optical hired away many of Quality Optical's key employees, and immediately went into business and began to solicit Quality Optical's customers, and to place orders with its suppliers. Most of Quality Optical's customers defected to Trusty Optical shortly after the opening of the new company.

*Standard of review*

When reviewing a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Hackelton v. Malloy,* 364 Ark. 469, 221 S.W.3d 353 (2006); *Preston v. University of*

*Arkansas School for Medical Sciences*, 354 Ark. 666, 128 S.W.3d 430 (2003). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint and all pleadings are to be liberally construed. *See id.* Also, if there is any reasonable doubt as to the application of the statute of limitations, this court will resolve the question in favor of the complaint standing and against the challenge. *State v. Diamond Lakes Oil Co.*, 347 Ark. 618, 66 S.W.3d 613 (2002); *Dunlap v. McCarty*, 284 Ark. 5, 678 S.W.2d 361 (1984).

### *Misappropriation of a trade secret*

For its first point on appeal, Quality Optical contends that the statute of limitations governing the misappropriation of a trade secret commences when the protected information is used, rather than when the information is taken. Misappropriation of a trade secret is defined in Ark. Code Ann. § 4-75-601 as:

> (A) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or,
>
> (B) Disclosure or use of a trade secret without express or implied consent by a person who:
>
> (i) used improper means to acquire knowledge of the trade secret, or
>
> (ii) at the time of disclosure knew or had reason to know that his knowledge of the trade secret was:
>
> (a) Derived from or through a person who had utilized improper means to acquire it;
>
> (b) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
>
> (c) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use. . .

Ark. Code Ann. § 4-75-603 sets out the statute of limitations relative to trade secret misappropriation, "An action for misappropriation must be brought within three (3) years after the

misappropriation is discovered, or by the exercise of reasonable diligence, should have been discovered. For the purposes of this section, a continuing misappropriation constitutes a single claim." Additionally, the Uniform Law Comments on the statute state: "This act rejects a continuing wrong approach to the statute of limitations but delays the commencement of the limitation period until an aggrieved person discovers or reasonably should have discovered the existence of a misappropriation." Comment to Ark. Code Ann. § 4-75-603 (Repl. 1995).

It is undisputed that Trusty misappropriated trade secrets belonging to Quality Optical. Also, given that most of Quality Optical's customers went over to Trusty in short order, Quality Optical at least should have been aware of the misappropriation. However, the appellant argues that Trusty's continued use of the trade secrets, even up to the present, gives rise to a new cause of action, with a new time of accrual, for each successive infraction.

Initially, it is apparent that the appellant fails to recognize that because of the use of the alternative "or" in the statute, Trusty's acquisition of Quality's trade secrets with the requisite mental state, regardless of their use, could constitute a misappropriation which would start the clock on the statute of limitations. This distinction is immaterial in the present case, however, since it is admitted that Trusty began to use the trade secrets in January, 1999. This began the running of the statutory time period of three years. Since the plain and clear language of Ark. Code Ann. § 4-75-603 expressly precludes a "continuing wrong" theory, appellant's challenge to the motion to dismiss on this issue is unavailing, as there is no reasonable doubt that the statute of limitations had indeed expired.

### Tortious interference with contract

Appellant next argues that the limitations period for the interference with a contractual relationship action commences upon appellee's use of the protected information to the detriment of the appellant. Tortious interference with a contractual relationship or a business expectancy is intentional and improper conduct by a person that induces or otherwise causes a third person not to perform a contract. *Mason v. Wal-Mart Stores,* 333 Ark. 3, 969 S.W.2d 160 (1998). It is well established that a cause of action accrues the moment the right to commence an action comes into being, and the statute of limitations commences to run from that

time. *State v. Diamond Lakes Oil Co.*, 347 Ark. 618, 66 S.W.3d 613 (2002). The statue of limitations governing the tortious interference with a contract is found in Ark. Code Ann. § 16-56-105. *Bankston v. Davis*, 262 Ark. 635, 559 S.W.2d 714 (1978).

Ark. Code Ann. § 16-56-105 provides in part, "The following actions shall be commenced within three (3) years after the cause of action accrues . . . (3) All actions founded on any contract or liability, express or implied . . . (6) all actions for taking or injuring any goods or chattels."

The statutory limitations period begins to run when there is a complete and full cause of action, *Courtney v. First National Bank of Eastern Arkansas*, 300 Ark. 498, 790 S.W.2d 536 (1989), and in the absence of concealment or wrong, when the injury occurs, not when it is discovered. *Parkerson v. Lincoln*, 347 Ark. 29, 61 S.W.3d 146 (2001); *Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 935 S.W.2d 258 (1996); *Hampton v. Taylor*, 318 Ark. 771, 887 S.W.2d 535 (1994).

Thus, the cause of action as to this offense accrued, if ever, when Trusty's improper conduct induced Quality Optical's former customers to begin doing business with Trusty. The record shows that this occurred in or around January 1999, and this fact is not disputed by appellant. So once again, the appellant's argument rests on a "continuing tort" theory. Appellant argues that a new statute of limitations time period should commence with each successive infraction. This is not the law.

As we have repeatedly stated, this court does not recognize a "continuing tort" theory. *Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 935 S.W.2d 258 (1996); *Tullock v. Eck*, 311 Ark. 564, 845 S.W.2d 517 (1993); *Owen v. Wilson*, 260 Ark. 21, 537 S.W.2d 543 (1976). Because the defections from Quality Optical which gave rise to this cause of action occurred more than three years prior to August 2005, this action is barred by the statute of limitations.

### Implied Contract

Appellant's final argument is that the statute of limitations period for the breach of an implied contract action commences upon the appellee's use of the protected information to the detriment of the appellant. The statute of limitations for an implied contract is also found in Ark. Code Ann. § 16-56-105, which

states in part: "The following actions shall be commenced within three (3) years after the cause of action accrues . . . (3) All actions founded on any contract or liability, expressed or implied." An implied contract is defined as, "a contract that the parties presumably intended, either by tacit understanding or by the assumption that it existed," and a breach of contract is defined as, "a violation of a contractual obligation, either by failing to perform one's own promise or by interfering with another party's performance." *Black's Law Dictionary* 322,182 (7th ed. 1999).

Here any contract was breached at the time that Trusty left Quality Optical and began to compete with them, using information he had acquired during the course of his employment. Again, there is no dispute that this first occurred more than three years prior to the filing of the action, and despite the fact that the information is continuing to be used, this cause of action is also barred by the applicable three year statute of limitations. For the forgoing reasons, the decision of the circuit court is affirmed.

Affirmed.