SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-14-890

| | |
|---|---|
| DAREN CASON AND DOROTHY PAULINE CASON <br><br> APPELLANTS <br><br><br> V. <br><br><br><br> GLADYS LAMBERT <br><br> APPELLEE | **Opinion Delivered** April 1, 2015 <br><br> APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. CV2011-91-3] <br><br> HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE <br><br> AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

This case involves a dispute over family burial plots near Fountain Hill, Arkansas. Daren Cason and Dorothy Pauline Cason filed a trespass action against Gladys Lambert after she buried her husband and placed a headstone on a gravesite allegedly reserved by the Casons. The parties filed cross-motions for summary judgment. The Ashley County Circuit Court granted summary judgment in favor of Lambert, holding that the statute of limitations barred the Casons' claim. The Casons appeal, asserting that the placement of the headstone and the burial of Mr. Lambert constituted a "continuing trespass" and, thus, the statute of limitations had not expired. Because Arkansas does not recognize the tort theory of continuing trespass for limitations purposes, we affirm.

Because both parties requested summary judgment, the facts are not in dispute. Dorothy Cason was married to Gladys Lambert's brother, Robert Cason. Dorothy and Robert are the parents of Daren Cason. Dorothy and Robert divorced in 1976. Shortly after

the divorce, Robert died[1] and was buried in the Flat Creek Cemetery along with other members of his family. In 1978, another child of Dorothy and Robert was killed in an automobile accident and was buried in the Flat Creek Cemetery next to Robert. At the same time, Dorothy and Daren placed temporary markers in the Flat Creek Cemetery to stake their claim to three gravesites in the Cason family burial plot.[2]

Gladys Lambert and her husband, Joe Ed Lambert, also made a joint decision to be buried in the Flat Creek Cemetery in the Cason family burial plot. In 2006, they placed a double granite headstone inscribed with their names in the Flat Creek Cemetery in proximity to the grave markers for Gladys's siblings and parents. Both Dorothy and Daren became aware of the Lambert headstone after its placement. Daren discovered the placement of the headstone in May 2007 while attending the funeral of a friend. Dorothy knew of the headstone prior to that date. When Joe Ed Lambert died in June 2009, he was buried beneath the Lambert headstone.

Litigation between the parties over the disputed burial plot began in 2009, on the date of Joe Ed Lambert's funeral, when Cason filed suit to enjoin his burial. Cason's request for ex parte relief was denied, and when they failed to effectuate service, the suit was dismissed without prejudice. The Casons refiled their lawsuit in June 2011, for trespass, seeking the

---

[1]Robert attempted to kill Dorothy, but was shot by a third party.

[2]The placement of the temporary markers was not in dispute although the location of the markers was. The markers were intended to mark the burial plots of Dorothy's three surviving children.

removal of the headstone[3] and the relocation of Joe Ed Lambert's body. Gladys Lambert filed a motion for summary judgment, alleging in part that the three-year statute of limitations for trespass actions barred their cause of action. The Casons responded, denying that their claim was barred by the statute of limitations, and countered that the undisputed facts proved that Lambert's actions constituted a continuing trespass for which summary judgment should be granted in their favor. The trial court granted Lambert's motion for summary judgment and denied the Casons' countermotion.

The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Anglin v. Johnson Reg'l Med. Ctr.*, 375 Ark. 10, 289 S.W.3d 28 (2008). On appeal, the Casons do not contend there are disputed issues of fact; rather, they contend that the circuit court erred as a matter of law in granting summary judgment. They argue that the statute of limitations does not bar their cause of action for trespass.

The statute of limitations for actions of trespass is three years. Arkansas Code Annotated section 16-56-105(4) (Repl. 2005) provides that "[a]ll actions for trespass on lands" shall be brought within three years after the cause of action accrues. The limitation period found in section 16-56-105 begins to run when there is a complete and present cause of action, and, in the absence of concealment of the wrong, when the injury occurs, not when it is discovered. *Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 935 S.W.2d 258

---

[3]The Casons contend that the headstone was placed in the area designated by the temporary markers placed in 1978.

(1996); *Shelter Ins. Co. v. Arnold*, 57 Ark. App. 8, 940 S.W.2d 505 (1997) (statute of limitations for tort actions begins to run when the underlying tort is complete).

The Casons contend that the placement of the headstone and the burial of the body create an ongoing and permanent encroachment on the land. As a result, they argue that their cause of action for trespass is not complete and exists for the entire time the encroachment is allowed to remain on the property. Their reliance on this theory of continuing trespass, however, is in error. Our supreme court has consistently refused to recognize the theory of continuing tort as advanced by the Casons. *Gunn v. Farmers Ins. Exchange*, 2010 Ark. 434, 372 S.W.3d 346; *Quality Optical of Jonesboro, Inc. v. Trusty Optical, L.L.C.*, 365 Ark. 106, 109, 225 S.W.3d 369, 372 (2006); *Chalmers v. Toyota Motor Sales, USA, Inc.*, *supra*; *Tullock v. Eck*, 311 Ark. 564, 845 S.W.2d 517 (1993); *Owen v. Wilson*, 260 Ark. 21, 537 S.W.2d 543 (1976). The cause of action in this case accrued in 2006 at the time the headstone was placed, signifying the Lamberts' intention to claim the property for their burial plot. At that moment, the injury to the Casons' claim to the property had occurred and the statute of limitations began to run. Because the cause of action was not filed within three years of that date, the trial court did not err in holding that the statute of limitations barred the Casons' claim and in granting summary judgment in favor of Lambert.

Affirmed.

GRUBER and BROWN, JJ., agree.

*John F. Gibson, Jr.*, for appellant.

*Hashem Law Firm, PLC*, by: *Hani W. Hashem*, for appellee.