
# ARKANSAS COURT OF APPEALS

### DIVISION II
**No.** CV-16-176

|  |  |
|---|---|
| MITCHELL AND KAREN CRUTCHFIELD D/B/A GRANNY CREEK FARM | **Opinion Delivered** March 1, 2017 |
| APPELLANTS | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. 36CV-15-71] |
| V. | |
| TYSON FOODS, INC. | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE |
| APPELLEE | AFFIRMED AS MODIFIED |

### N. MARK KLAPPENBACH, Judge

This appeal arises from the termination of a twenty-five-year poultry-growing arrangement between appellants Mitchell and Karen Crutchfield and appellee Tyson Foods, Inc. The Crutchfields filed suit against Tyson on April 30, 2015, alleging claims for fraud/constructive fraud/fraud in the inducement, promissory estoppel, unjust enrichment, violation of the Arkansas Deceptive Trade Practices Act (ADTPA), breach of contract, negligence, mental anguish, and punitive damages. The trial court ultimately dismissed the complaint and amended complaint, and the Crutchfields now appeal. We find no error and affirm the trial court's orders.

In their pro se complaint, the Crutchfields provided a detailed and lengthy factual background of the parties' relationship, beginning in 1986. The Crutchfields alleged that Tyson induced them to build, at great expense, a commercial chicken farm to grow broiler chickens for Tyson. The Crutchfields admit that they were aware that this was a long-term

investment but said that Tyson assured them that as long as they performed appropriately, they could raise chickens for Tyson for as long as they wanted. They alleged that Tyson told them that the chicken houses they built in 1987 had a life expectancy of thirty-five to fifty years and that the implementation of new practices and equipment would be a cooperative effort by the parties.

The Crutchfields alleged that Tyson failed to keep its promises when, beginning in May 2010, it mandated excessive capital investments, implemented a discriminatory ranking system, and made corporate decisions that were not in the best interest of the growers and cut into their earnings. In May 2010, Tyson informed growers by letter that it would begin mandating "premium houses." This letter informed growers that chicken houses built to the minimum specifications could operate until May 1, 2013, only if they were ranked in the top sixty percent of growers. The Crutchfields alleged that Tyson used the ranking system to induce the premium-house updates, which they claimed would have taken "monstrous" investments and robbed them of their expectation of future income. Upon the expiration of their last contract in 2012, the Crutchfields had not made the required updates and did not rank in the top sixty percent of growers. Tyson informed them in an April 9, 2012 letter that they would not be offered a new contract. Attached to the complaint were two "Broiler Production Contracts," one that was in effect from January 2, 2009, through January 2, 2012, and one in effect from February 6, 2012, through May 6, 2012.

Tyson filed a motion to dismiss and for more definite statement or to strike irrelevant allegations in the complaint. Tyson alleged that the complaint failed to state facts on which

SLIP OPINION

relief could be granted as to all of the claims except breach of contract. Tyson also alleged that these claims were barred by a three-year statute of limitations, were not independent causes of action, or were otherwise not cognizable. Regarding the breach–of–contract claim, Tyson argued that the claim should be constrained to the five years prior to the filing of the complaint. Following a hearing, the trial court entered an order dismissing with prejudice every claim except breach of contract. The court directed the Crutchfields to file an amended complaint for breach of contract, limiting their allegations to facts relevant to that claim and to a time period of no earlier than April 30, 2010.

The Crutchfields' amended complaint again alleged that Tyson had made assurances it did not fulfill. The Crutchfields alleged that Tyson had violated its contractual duty to make "reasonable best efforts" when it mandated premium-house updates, relied on a discriminatory ranking system, and failed to treat all growers equally. Tyson filed a motion to dismiss the amended complaint, arguing that it contained allegations regarding the dismissed claims and for time periods well beyond the five-year period, that it failed to attach the contract that forms the basis of the claim, and that it failed to state facts to support a claim. Following a second hearing, the trial court granted Tyson's motion and dismissed the Crutchfields' complaint without prejudice.

The Crutchfields first argue for reversal based on alleged judicial prejudice and misconduct at the hearing on the first motion to dismiss. The Crutchfields allege that the court was unprepared, had a sarcastic tone, and ridiculed their efforts in filing their pro se

complaint.[1] Because the Crutchfields did not raise an objection to the court's remarks below or move for the judge's recusal, however, we are barred from entertaining their arguments. A judge's allegedly biased remarks are not subject to appellate review if the appellant failed to object or move for the judge's recusal. *McClard v. Smith*, 2014 Ark. App. 272.

The Crutchfields next contend that the trial court erred in dismissing their claims for fraud, promissory estoppel, unjust enrichment, and negligence on the basis of the statute of limitations. The parties do not dispute that the statute of limitations for each of these claims is three years. *See* Ark. Code Ann. § 16-56-105 (Repl. 2005); *Ernst & Young LLP v. Reid*, 2010 Ark. 255 (fraud); *Quality Optical of Jonesboro, Inc. v. Trusty Optical, L.L.C.*, 365 Ark. 106, 225 S.W.3d 369 (2006) (implied contracts); *Moody v. Tarvin*, 2016 Ark. App. 169, 486 S.W.3d 242 (negligence). It is well established that a cause of action accrues the moment the right to commence an action comes into being, and the statute of limitations commences to run from that time. *Quality Optical, supra*.

The Crutchfields contend that the statute of limitations began to run on May 6, 2012, upon the expiration of their last contract with Tyson. We disagree. In their complaint, the Crutchfields alleged that they were informed by Tyson in a May 8, 2010 letter that premium-house updates would be mandated. This letter informed growers that houses built to the minimum specifications could operate until May 1, 2013, only if they were ranked in the top sixty percent of growers; after May 1, 2013, Tyson would have only premium

---

[1] We disagree with the Crutchfields' characterization of the court. The court explained to the Crutchfields the disadvantage in proceeding pro se, the danger of losing their case on procedural issues, and the manner in which they should file an amended complaint.

houses. After receipt of this letter, the Crutchfields claimed that they had several conversations with Tyson personnel about their concerns and even "pointed out the path of fraud and negligence Tyson had taken in recent years." In a letter dated April 9, 2012, Tyson informed the Crutchfields that it would not be offering them a new contract due to their lack of updates and their ranking in the bottom forty percent, thereby ending the parties' poultry-growing arrangement.

The last date on which the Crutchfields might reasonably argue that their causes of action accrued was April 9, 2012, the date on which they were informed they would not be receiving a new contract to continue growing chickens. *See Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 66 S.W.3d 568 (2002) (plaintiff did not know of the fraud until Tyson declined to provide him more hogs to raise, and he suffered no damages until then). The Crutchfields filed their complaint on April 30, 2015, more than three years after having received this letter. Therefore, their causes of action for fraud, promissory estoppel, unjust enrichment, and negligence are barred by the statute of limitations. Based on this holding, it is unnecessary to address the Crutchfields' remaining arguments on the claims of promissory estoppel and unjust enrichment.

The Crutchfields' claim of a violation of the ADTPA was subject to a five-year statute of limitations. Ark. Code Ann. § 4-88-115 (Repl. 2011). The ADTPA provides a private right of action to "any person" who suffers actual damage or injury as a result of a violation of the Act. *See* Ark. Code Ann. § 4-88-113(f). The elements of such a cause of action are (1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act. *Skalla v. Canepari*, 2013 Ark. 415, 430 S.W.3d 72.

In reviewing the trial court's decision on a motion to dismiss under Arkansas Rule of Civil Procedure 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Perry v. Baptist Health*, 358 Ark. 238, 189 S.W.3d 54 (2004). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id*. Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id*. Our standard of review for the granting of a motion to dismiss under Rule 12(b)(6) is whether the circuit court abused its discretion. *Worden v. Kirchner*, 2013 Ark. 509, 431 S.W.3d 243.

The Crutchfields' complaint alleged that Tyson had violated the ADTPA by failing to provide "competitive equality" to all growers, denying them equal compensation and opportunities, and creating a deceptive ranking and pay system. Citing *Skalla*, *supra*, Tyson argued below that farming operations were not consumer-oriented acts and thus were not covered by the ADTPA. The Crutchfields contend that *Skalla* is distinguishable because it involved a real-estate dispute, and they argue that one does not have to be a consumer to recover under the act. However, the Crutchfields have not pled facts demonstrating that Tyson's alleged unequal treatment of the growers with which it contracts for the production of chickens is a "consumer-oriented act or practice." Because the Crutchfields' complaint failed to state facts to support this element of the claim, we cannot say that the trial court abused its discretion in dismissing the claim for violation of the ADTPA.

Lastly, the Crutchfields argue that their amended complaint for breach of contract should not have been dismissed. In the amended complaint, they alleged that Tyson had

failed to fulfill its contractual obligations in relation to its premium-house mandate and in implementing a discriminatory ranking system. The complaint references Tyson's alleged representation in 1987 that the Crutchfields could work as long as they wished and a duty to treat growers equally. The Crutchfields claimed that Tyson favored specific growers and used a deceitful ranking system to terminate their arrangement.

The only contractual provision that is referred to in the amended complaint is a duty to use "reasonable best efforts." The contracts attached to the Crutchfields' original complaint included the statement that "Company and Producer will use their reasonable best efforts in the production of Broilers." Those contracts also stated that "[a]dditional large capital investments may be required of Producer during the duration of this Contract." The Crutchfields have not pointed to any contractual obligation of Tyson to not require updated chicken houses, but instead rely on an alleged oral representation from 1987. They also point to no contractual obligation regarding the ranking system or the treatment of other growers. Nothing in the short-term contracts assured growers that they would receive future contracts. Furthermore, the Crutchfields failed to attach to their amended complaint any contract alleged to have been breached, as required by Arkansas Rule of Civil Procedure 10(d). We hold that the Crutchfields failed to plead facts showing that a contract was breached, and the trial court did not abuse its discretion in granting Tyson's motion to dismiss this claim.[2]

The Crutchfields' complaint also failed to state causes of action relating to arguments

---

[2]As the Crutchfields note, the order of dismissal incorrectly identifies Mr. Crutchfield as "Michael." We note that the order reflects the correct case number and that the clerical error does not affect the order.

in their brief that Tyson had violated several federal regulations and breached a fiduciary duty. Before there can be a breach of a fiduciary duty, a fiduciary relationship or a confidential relationship must exist. *W. Memphis Adolescent Residential, LLC v. Compton*, 2010 Ark. App. 450, 374 S.W.3d 922. Contracting parties do not necessarily owe fiduciary duties to each other, and the Crutchfields do not explain what relationships of trust or confidence existed between the parties to establish such a duty. *See id.* Although the Crutchfields contend that they should be held to a lesser standard because they are pro se, pro se litigants in Arkansas receive no special consideration of their arguments and are held to the same standards as licensed attorneys. *See Lucas v. Jones*, 2012 Ark. 365, 423 S.W.3d 580; *Elder v. Mark Ford & Assocs.*, 103 Ark. App. 302, 288 S.W.3d 702 (2008).

Because the Crutchfields elected to appeal the dismissal without prejudice of their amended complaint and that order has now been affirmed, they have waived the right to plead further. *See Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 372 S.W.3d 324. Accordingly, the court's order is modified to dismissal with prejudice. *See id.*

Affirmed as modified.

GRUBER, C.J., and GLOVER, J., agree.

*Mitchell and Karen Crutchfield*, pro se appellants.

*Quattlebaum, Grooms & Tull PLLC*, by: *Steven W. Quattlebaum* and *Joseph R. Falasco*, for appellee.