Cite as 2020 Ark. App. 41

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** E-19-77

| | |
|---|---|
| DANNY BUGG<br><br>APPELLANT<br><br>V.<br><br>DARYL BASSETT, DIRECTOR DEPARTMENT OF WORKFORCE SERVICES AND CITY OF HOT SPRINGS<br><br>APPELLEES | **Opinion Delivered:** January 22, 2020<br><br>APPEAL FROM THE APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2019-BR-00214]<br><br>REBRIEFING ORDERED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Danny Bugg's appeal returns to this court following remand to the Board of Review ("the Board"). In Bugg's first appeal, *Bugg v. Director*, 2019 Ark. App. 137 (*Bugg I*), we remanded the case to the Board to make specific findings on the issues raised by Bugg. The Board has now done so, and Bugg has submitted this current appeal. We cannot address the merits of Bugg's arguments at this time, however, because his brief is not in compliance with Arkansas Supreme Court Rule 4–2(a)(5). We therefore order rebriefing.

In *Bugg I*, we set out the facts in detail. For purposes of this opinion, we provide the following factual summary. Bugg was a long-term employee of the City of Hot Springs ("the City") as the Animal Control Services (ACS) Supervisor.[1] In 2016, Bugg became

---

[1]Bugg began his employment in 1999, and his employment ended in December 2017.

concerned with the manner in which ACS was being managed.  He expressed his concerns to management but was unable to resolve these concerns to his satisfaction.

On September 8, 2017, Bugg sent an email to management, writing in pertinent part as follows:

> After much thought and reflection I find that my first duty to myself is to be honest. . . . Looking at my calendar, it appears Friday, January 5th, of 2018 would be as prime a day to make my exit from the City of Hot Springs. This is NOT my retirement, quite frankly I feel there is much more I can do in this field of work. I simply am unable to continue in a format where the likelihood of this department stepping into operational failure appears to be the path we will embark upon beginning next year. . . . This date is tentative, however [it] seems the most logical time to move forward.

On September 12, 2017, the city responded to Bugg's email by indicating that it would accept his email as an official letter of his intent to retire. Bugg disputed that his email was an expression of his intent to retire. From that point on, the employer-employee relationship between Bugg and the City further deteriorated.  Not only did Bugg continue to protest his intent to retire, but he suggested that the City had not followed proper authority regarding the retirement process and questioned the legal authority of those within upper management to interpret his intent to retire. Eventually, Bugg was relieved of his duties in December of 2017, but he continued to be paid until January 5, 2018.

Subsequently, Bugg sought unemployment benefits. The Department of Workforce Services denied his application, finding that he quit his job because he was "dissatisfied with changes that had been made." Bugg timely appealed to the Appeal Tribunal ("the Tribunal"), which concluded that Bugg voluntarily quit his job without good cause. Bugg then appealed the Tribunal's decision to the Board, which affirmed the Tribunal's decision, finding that Bugg's email indicated that his last day of work would be January 5, 2018, and

2

his employer reasonably interpreted and accepted the email as "an end to the employment relationship." The Board did not, however, address certain arguments raised by Bugg. In particular, the Board did not address his arguments concerning the City's authority to act.

Bugg appealed the Board's decision to our court, and in *Bugg I*, we remanded the matter to the Board because the Board failed to address Bugg's argument about his employer's authority to interpret his intent. *Id.* at 4. On remand, the Board expressly addressed Bugg's "authority" argument and found that the employer had the authority to interpret Bugg's intent and once again concluded that the Tribunal's decision should be affirmed. Bugg filed a timely notice of appeal.

We are unable to reach the merits of Bugg's arguments at this juncture. In *Bugg I*, we included a footnote to address deficiencies in Bugg's brief. We noted that Bugg, who was, and still is, acting pro se, had previously sought permission from this court to file a nonconforming brief. He argued that the rules for filing appellate briefs were "daunting" and that while he believed his brief complied with our rules, he sought leave to file a nonconforming brief "to cover any minor disparities which might appear." Our court granted his motion.

Upon submission of his brief in *Bugg I*, however, we discovered that Bugg's "minor disparities" were not, in fact, minor. Bugg's abstract was flagrantly deficient and did not comply with Arkansas Supreme Court Rule 4–2(a)(5). We therefore cautioned Bugg as follows:

> Given our decision to grant Bugg's motion to file a nonconforming brief, we do not order rebriefing at this juncture. We caution Bugg, however, that pro se litigants in Arkansas are held to the same standards as licensed attorneys. *Crutchfield v. Tyson Foods, Inc.*, 2017 Ark. App. 121, at 8, 514 S.W.3d 499, 504 (citing *Lucas v.*

3

*Jones*, 2012 Ark. 365, 423 S.W.3d 580); *Elder v. Mark Ford & Assocs.*, 103 Ark. App. 302, 288 S.W.3d 702 (2008)). *Similar or other deficiencies will not be overlooked in any future briefs Bugg may file with this court.*

*Bugg I*, 2019 Ark. App. 137, at 2 n.1 (emphasis added).

In his current brief, Bugg has entirely failed to correct his previous deficiencies and has created others. Here, the transcript of the hearing before the Tribunal consisted of 52 pages, but Bugg's abstract is only four pages long. The transcript contains thirteen pages of testimony from a representative from the city, Police Chief Stachey, but Bugg's abstract reduces this testimony to a single sentence. Rule 4–2(a)(5)(A) provides that "[a]ll material information recorded in a transcript . . . must be abstracted," and we conclude that Bugg's abstract is deficient in this regard. In addition, Rule 4–2(a)(5)(B) requires the abstract to be "an impartial condensation, without comment or emphasis, of the transcript." Bugg's abstract provides references to locations wherein the "Board cited this testimony in [enumerated paragraphs] in its March 15, 2019 decision, albeit in summary fashion and not verbatim." This commentary is unnecessary, is in violation of Rule 4–2(a)(5)(B), and should not be included in future filings with this court. Furthermore, Bugg's abstract does not comply with the "first person" format required by the rule.

We also find Bugg's addendum deficient. Rule 4–2(a)(8) requires that the addendum "contain true and legible copies of the non-transcript documents in the record on appeal." In his addendum, Bugg has included a document which purports to be the decision of the Board, but it is not a true copy of that document. He appears to have reproduced the decision of the Board and inserted paragraph numbers or headings between the paragraphs of the document. Thus, Bugg has inserted into his addendum an altered version of the

decision of the Board. The plain language of Rule 4-2(a)(8) does not countenance such interlineations or additions to the non-transcript documents such as have been inserted here.

Because of Bugg's failure to comply with our abstracting and addendum rules, we cannot reach the merits of the case. *See* Rule 4-2(a)(5). Pursuant to Ark. Sup. Ct. R. 4-2(b)(3), we afford Bugg the opportunity to cure the deficiencies, and we order him to file a substituted brief curing the deficiencies within fifteen days from the date of entry of this order. *See Evans v. Estate of Fritsche*, 2018 Ark. App. 398. We do not intend to insinuate that the list of deficiencies described herein is meant to be exhaustive. We encourage Bugg to review our rules to ensure that no other deficiencies are present. Moreover, we once again caution Bugg that pro se litigants in Arkansas are held to the same standards as licensed attorneys. *Crutchfield*, *supra*. If he fails to cure the deficiencies listed above and any others that may be discovered on his review of our rules and his briefs, the judgment or decree may be affirmed for noncompliance with the rule. *See* Rule 4-2(b)(3); *see also Jewell v. Duree-Jewell*, 2012 Ark. App. 64.

Rebriefing ordered.

ABRAMSON and HARRISON, JJ., agree.

*Danny Bugg*, pro se appellant.

*Phyllis A. Edwards*, for appellee.